UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANGEL SIFUENTES, on Behalf of Himself and on Behalf of All Others Similarly Situated | § § § § § § § § § § § § § | CIVIL ACTION NO. 5:15-cv-00752-RP |
| **Plaintiff,** | | |
| V. | | |
| GREEN ENERGY OILFIELD SERVICES, LLC, | | JURY TRIAL DEMANDED |
| **Defendant.** | | |

## UNOPPOSED MOTION FOR ENTRY OF ATTORNEYS' FEES AND COSTS

Plaintiff Angel Sifuentes files this Unopposed Motion for Entry of Attorneys' Fees and Costs and would respectfully show the Court the following:

### I. INTRODUCTION

In this Fair Labor Standards Act ("FLSA") case, Defendant Green Energy Oilfield Services, LLC made an offer of judgment to Plaintiff Angel Sifuentes to resolve his claims for unpaid overtime. On December 11, 2015, Plaintiff filed a notice of acceptance of the offer of judgment (Doc. 16). Thereafter, on December 14, 2015 the Court entered judgment and directed Plaintiff to file his bill of costs pursuant to Federal Rule of Civil Procedure 54(d) and Local Court Rule CV-54 (Doc. 17).

As directed by Local Court Rule CV-7(j)(1), Plaintiff has provided Defendant with an itemized list of billable time entries and an accounting of costs. The Parties have conferred and Defendant has agreed to not to oppose Plaintiff's request for $17,714 in attorneys' fees and litigation costs. As such, Plaintiff requests the Court enter final judgment awarding Plaintiff

1

$17,714 in attorneys' fees and costs in addition to $5,000 already entered for his damages under the FLSA.

## II. ARGUMENTS AND AUTHORITIES

The Fair Labor Standards Act ("FLSA") provides that the court, in an action under the Act, "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

The Fifth Circuit uses a two-step process to calculate attorney's fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013); *Heidtman v. City of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). First, "[t]he loadstar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Id.* Then, "the district court may decease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)" *Heidtman*, 171 F.3d at 1043. Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *See id.*

Plaintiff asserts (and Defendant is not disputing) that the Plaintiff's reasonable attorney's fees and costs are $17,714.00. Included in this amount are the following:

- 29.2 hours for Don Foty, attorney in charge, at the rate of $400 per hour;
- 27.4 hours for John Neuman, associate, at the rate of $300 per hour;

- .3 hours for Galvin Kennedy, president of firm, at the rate of $500 per hour;
- 6 hours for paralegal time at the rate of $150 per hour;
- 1.1 hours for Gary Wohn, the firm's business manager, at the rate of $250 an hour.

Defendant does not oppose Plaintiff's assertion that these hourly rates and the total amount requested in fees and expenses are reasonable (Exhibit "1", emails between D. Foty and K. Mullen).

Accordingly, the he relevant *Johnson* factors support this award of attorneys' fees and costs and Plaintiff asks that the Court enter the attached Final Judgment.

**A.    Time and Labor Required**

Early in this case, Defendant filed a motion to dismiss challenging coverage under the FLSA. Defendant argued that there were insufficient facts to support that Defendant was subject to the FLSA. Time was spent conducting research, drafting a new complaint, and filing a response with the Court.

In addition, time was spent towards investing the nature of the claims, researching Defendant and its industry. The service of the offer of judgment also required research regarding Rule 68, detailed interviews with the Plaintiff about the accuracy of the records, calculating the damages that were owed, and evaluating the benefits of continuing with the case or accepting the offer. Nonetheless, the time that was spent towards this case was typical given its size and there were no excessive fees incurred.

**B.    Undesirability of the Case; Novelty and Difficulty of the Issues; Skill Required; Experience, Reputation and Ability of the Attorneys**

This case presented difficult legal and factual questions with respect to the possible application of the Motor Carrier Act Exemption as a defense to liability. Plaintiff drove vehicles weighing more than 10,000 pounds. However, Plaintiff did not cross state lines or otherwise

3

engage in interstate commerce. Nevertheless, this case involved the applicability of a defense that was factually intensive.

Litigating a case of this nature requires attorneys with significant experience handling matters under the FLSA. Plaintiff's Counsel specialize in representing workers in class and collective actions throughout the country for unpaid wages. Plaintiff's lead counsel has served as class counsel in class and/or collective actions in over 40 cases across the country. He is currently serving as class counsel on behalf of workers in cases pending in Texas, New York, Ohio, Pennsylvania, Arizona, North Dakota, and New Mexico. He is listed as one of the top 100 lawyers in employment law by the National Advocates and one of the top 40 lawyers under the age of 40 in Texas by the National Trial Lawyers Association.

Some of his recent settlements and verdicts are listed below:

- $10.7 million verdict in a daycare abuse case
- $4.35 million settlement in a wage and hour class action
- $2.8 million settlement in a wage and hour collective action
- $2.4 million settlement in a wage and hour class/collective action
- $2.3 million settlement in a wage and hour collective action
- $1.8 million jury verdict in a medical malpractice case
- $1.2 million settlement in a wage and hour class action
- $1.1 million settlement in an industrial accident case
- $1 million settlement in a workplace explosion case[1]

Additionally, Plaintiff's lead counsel was featured speaker for the Houston Bar Association and recently gave a speech concerning current trends and topics under the FLSA.

**C.      Preclusion of Other Employment and Contingent Fees**

The Supreme Court has held that the fact that a case was handled on a contingent fee basis warrants a higher hourly rate. *City of Burlington v. Dague*, 505 U.S. 557, 562-63 (1992); *see also Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981)(en banc)("Lawyers who are to

---

[1] Exhibit "2", Curriculum Vitae for Don Foty, lead attorney for Plaintiff.

be compensated only in the event of victory expect and are entitled to be paid more when successful from those who are assured compensation, regardless of result).

Given the amount of time necessary to litigate a collective action case, each case Plaintiff's counsel accepts accept precludes them from accepting other cases on behalf of other workers, who often have similar meritorious claims. Plaintiff's counsel accepted the representation of Plaintiff without any assurance that we would be paid for attorney time or expenses and assumed all risk of loss.

D.    **Customary Fee and Awards in Similar Cases**

The *Johnson* factors discussed above warrant higher rates than attorneys at comparable levels of experience whose clients pay the hour. *See Dague*, 505 U.S. at 562 (difficulty of prevailing in a contingent-fee case is "reflected in the lodestar—either in the higher number of hours expended to overcome the difficulty, or in the higher hourly rate of the attorney skilled and experienced enough to do so").

The requested hourly rates in this case are in line with rates recently approved in FLSA cases in this district. For instance, in *Alex v. KHG of San Antonio, LLC,* ___ F. Supp. 3d ___, No. 5:13-CV-0728 RCL, 2015 WL 5098327 (W.D. Tex. Aug. 28, 2015), the court approved hourly rates in an FLSA case of $325 for experienced partners and $250 for associates. *Id.* at *3. Similarly, in *Rodriguez v. Mechanical Technical Services, Inc.*, No. 1:12-CV-710-DAE, 2015 WL 8362931 (W.D. Tex. Dec. 8, 2015), the court approved hourly rates in another FLSA case between $275 and $330 for partners and $200 to $295 for associates. *Id.* at *6. The rates for Plaintiff's counsel in this case approximate the rates approved in those cases. Furthermore, in both of those cases, the defendants disputed the hourly rates. Here Defendant does not dispute the rates.

Other recent cases have found comparable and higher hourly rates appropriate in similar cases, in this district and elsewhere. *See, e.g.*, *E.g., Meesook v. Grey Canyon Family Med., P.A.,* 5:13-CV-729-XR, 2014 WL 5040133, at *3-4 (W.D. Tex. Oct. 8, 2014) (J. Rodriguez) (finding reasonable hourly rates in FLSA case in San Antonio, Texas in 2014 of $400 for attorney licensed in 1993 and $250 for attorney licensed in 2011); *Structural Metals, Inc. v. S & C Elec. Co.,* SA-09-CV-984-XR, 2013 WL 3790307, at *9 (W.D. Tex. July 19, 2013), aff'd, 590 Fed. Appx. 298 (5th Cir. 2014) (J. Rodriguez) (finding reasonable hourly rates in San Antonio Texas in 2013 of $296 for "fourth or fifth year associate," $360 for an attorney licensed in 2002, and $452 for a senior partner).

The requested hourly rates are also lower than the rates that federal courts have found reasonable in FLSA cases in other districts in Texas and around the country. *See, e.g., Olibas v. Native Oilfield Servs., LLC,* No. 3:11-CV-2388-B, 2015 WL 2165921, at *16 (N.D. Tex. May 8, 2015) (finding rates of $300, $400, and $700 per hour reasonable for younger associates, of counsel, and senior partners, respectively); *Black v. SettlePou, P.C.,* 3:10-CV-1418-K, 2012 WL 3638681, at *5 (N.D. Tex. Aug. 24, 2012) (reversed on other grounds) (finding reasonable rates of $450 for attorney licensed in 2002 and $375 for attorney licensed in 2005); *Roussel v. Brinker Intern., Inc.,* CIV.A.H-05-3733, 2010 WL 1881898, at *3 (S.D. Tex. Jan. 13, 2010) (finding rates between $250 and $500 reasonable); *West v. Border Foods, Inc.,* 2007 U.S. Dist. LEXIS 43423, *6-7 (D. Minn. June 8, 2007) (attorney rates ranging from $550-$275 and a non-attorney rate of $125); *Lenahan v. Sears, Roebuck & Co.,* 2006 U.S. Dist. LEXIS 60307, *65-66 (D.N.J. July 10, 2006) (utilizing "mixed" hourly attorney rate of $353.63).

## F. Amount Involved and Results Obtained

By accepting this offer of judgment, Plaintiff will receive an amount both sides agree is greater than his maximum potential recovery had this case proceeded. It is difficult to image a better outcome for a plaintiff in a FLSA case.

Furthermore, "[g]iven the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples." *Howe v. Hoffman-Curtis Partners Ltd., LLP,* 215 Fed. Appx. 341, 342 (5th Cir. 2007). The offer of judgment that the Plaintiff accepted from Defendant was $5,000. This ratio of underlying damages to attorney fees of about 1:4 is well within the range of other fee awards in FLSA cases. *E.g., Howe,* 215 Fed. Appx. 341 ($23,357.30 in damages and $129,805.50 in attorney's fees) (citing *Fegley v. Higgins,* 19 F.3d 1126, 1134-35 (6th Cir. 1994) ($7,680 in overtime compensation and $40,000 in attorneys' fees.)); *Lucio-Cantu v. Vela,* 239 Fed. Appx. 866 (5th Cir. 2007) ($3,349.29, $1,296.00, and $52.50 in damages for three plaintiffs and $51,750.00 in fees). As such, the result obtained is in approximate proportion to the amount of attorney time that should have been expended to obtain that result.

## III. CONCLUSION

For the reasons stated herein, Plaintiff request that the Court grant this Motion for Entry of Attorneys' Fees and Cost and enter the proposed Final Judgment attached hereto.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ *Don J. Foty*
    Don J. Foty
    DFoty@kennedyhodges.com
    State Bar No. 24050022
    Federal Id No. 711552
    KENNEDY HODGES, L.L.P.
    711 W. Alabama St.
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2016, I filed this document using the Western District of Texas CM/ECF system which will serve a true copy on all parties of record.

/s/ Don J. Foty
Don J. Foty

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiff's Counsel has conferred with Counsel for Defendant and Defendant is unopposed this Motion.

/s/ Don J. Foty
Don J. Foty